IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:17-cr-00386-SCJ-RGV |
| ANGELA BARRETT | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Angela Barrett ("Barrett") is charged in a thirty-two count indictment, along with three co-defendants, with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349; healthcare fraud, in violation of 18 U.S.C. § 1347; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. [Doc. 1].[1] Barrett has filed a "Motion to Sever," [Doc. 48], in which she requested to make an *ex parte* showing regarding the facts and evidence in support of her motion, [id. at 5], and following briefing, see [Docs. 74 & 77], the Court allowed Barrett's counsel to make the *ex parte* presentation in support of her motion to sever, see [Docs. 80 & 82]. Having considered the parties' arguments and the *ex parte* showing, it is

---

[1] The indictment also includes an asset forfeiture provision. [Doc. 1 at 24-25]. The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

**RECOMMENDED** that the motion to sever, [Doc. 48], be **DENIED** for the reasons that follow.

"Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency." United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990). "Rule 8 'is broadly construed in favor of the initial joinder.'" Id. (citation omitted); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."); United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002); United States v. Touchet, No. 3:07-cr-90-J-33HTS, 2008 WL 2025322, at *7 (M.D. Fla. May 9, 2008); United States v. Cameron, No. 06-20753-CR, 2007 WL 1696022, at *3 (S.D. Fla. June 12, 2007), adopted at *1, aff'd, 285 F. App'x 649 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). Indeed, Rule 8(b) "permits the joinder of [d]efendants in the same indictment if they are alleged to have participated in the same act or transaction, and the general rule is that [d]efendants indicted together should be tried together[.]" United States v. Chavez, 584 F.3d 1354, 1359-60 (11th Cir. 2009) (citations and internal marks omitted). "Once Rule 8(b) has been satisfied by the allegations in the indictment, severance is governed entirely by Fed.R.Crim.P. 14, which recognizes that even proper joinder under Rule 8(b) may prejudice a defendant or the government." United States v. Jones, No. CR 109-073, 2009 WL

2920894, at *2 (S.D. Ga. Sept. 11, 2009) (citing United States v. Lane, 474 U.S. 438, 447 (1986)); see also Hersh, 297 F.3d at 1241.

Barrett does not contest that the defendants are properly joined under Rule 8, see [Doc. 48 at 2], but contends that she cannot be tried together with co-defendant Matthew Harrell ("Harrell") "because they possess 'mutually antagonistic' defenses that would make it impossible for both of them to receive a fair trial, if they are tried together," [id.]. Accordingly, she seeks a severance and separate trial from Harrell pursuant to Rule 14. [Id. at 3-5]. Although joinder is appropriate under Rule 8, the Court has discretion under Rule 14(a) of the Federal Rules of Criminal Procedure to sever defendants and order separate trials if it appears that a single trial would prejudice defendants. Fed. R. Crim. P. 14(a); United States v. Kopituk, 690 F.2d 1289, 1314-15 (11th Cir. 1982). "In deciding a motion for severance, the Court must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Denmark, No. 205CR71FTM33DNF, 2005 WL 2755987, at *2 (M.D. Fla. Oct. 25, 2005) (citation and internal marks omitted). "More specifically, the Eleventh Circuit has interpreted Rule 14 to require a [d]efendant seeking severance to demonstrate specific and compelling prejudice arising from a joint trial." Id. (citing United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989)).

Barrett asserts that severance is necessary because she and Harrell have "mutually antagonistic" defenses. [Doc. 48 at 2]. Barrett cites Justice Stevens' concurrence in Zafiro, [id. at 3-4], in which he observed that "joinder may introduce what is in effect a second prosecutor into a case, by turning each codefendant into the other's most forceful adversary." Zafiro, 506 U.S. at 544 (Stevens, J., concurring) (footnote omitted).[2] However, having considered the *ex parte* presentation by Barrett's counsel, the Court is not convinced that Barrett and Harrell necessarily have "mutually antagonistic" defenses, as counsel has acknowledged. [Doc. 82 at 3 (under seal)]. In any event, the Eleventh Circuit has noted "that severance is rarely granted, even where the defendants rely upon mutually antagonistic defenses." United States v. Nelms, No. 3:09-CR-106-LSC, 2009 WL 4666868, at *4 (M.D. Ala. Dec. 2, 2009), adopted at *1 (citing Chavez, 584 F.3d at 1360). That is, "[e]ven in cases where co-defendants have mutually exclusive defenses, a severance is rarely the remedy." Id. (citation omitted).

"Because joint participants in a scheme often will point the finger at each other to deflect guilt from themselves or will attempt to lessen the importance of their role, a certain amount of conflict among defendants is inherent in most multi-defendant trials." United States v. Bane, No. 8:09-cr-352-T-33MAP, 2010 WL 882913, at *2 (M.D.

---

[2] Any concerns that Barrett has regarding limitations on the admissibility of evidence that she seeks to offer at trial may be raised with the District Judge.

Fla. Mar. 5, 2010) (citation and internal marks omitted). Indeed, "courts have consistently held that finger-pointing and blame-shifting among coconspirators do not support a finding of mutually antagonistic defenses." United States v. Voigt, 89 F.3d 1050, 1095 (3d Cir. 1996) (citations omitted); see also United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986) (first and third alterations in original) (citation and internal marks omitted) ("[T]he mere presence of hostility among defendants . . . or the desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials."); United States v. Provenzano, 688 F.2d 194, 198 (3d Cir. 1982), abrogated on other grounds, In re Ins. Brokerage Antitrust Litig., 618 F.3d 300 (3d Cir. 2010) (affirming denial of motion to sever where all defendants blamed one co-conspirator on the ground that these defenses were not antagonistic, because if jury had believed that only one defendant was to blame, there would have been a failure of proof on the conspiracy charges); United States v. DiPietro, No. S5 02 CR. 1237(SWK), 2005 WL 783357, *5 (S.D.N.Y. Apr. 6, 2005) (citation omitted) (concluding that defenses among co-defendants were not mutually antagonistic when co-defendants simultaneously deny criminal intent because "acceptance of one party's defense [does not] preclude the acquittal of the other"). Therefore, "[i]n order to justify severance . . . joined defendants must show that the conflict is of such magnitude that the jury will unjustifiably infer that this conflict alone demonstrates

5

that both are guilty." United States v. Repke, Criminal Action No. 1:10–CR–524–ODE–RGV, 2011 WL 1325610, at *6 (N.D. Ga. Mar. 11, 2011), adopted by 2011 WL 1325609, at *1 (N.D. Ga. Apr. 6, 2011) (alterations in original) (citation and internal marks omitted); see also United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995). Indeed, "[t]he touchstone is whether a joint trial will result in prejudice that cannot be alleviated by any other means." United States v. Green, No. 1:08–CR–41–SPM/AK–2, 2009 WL 2589107, at *2 (N.D. Fla. Aug. 17, 2009) (citation omitted).

Without disclosing the substance of her counsel's presentation, the Court finds that Barrett has not shown that the alleged conflict cannot be adequately addressed by means other than severance or that the jury will unjustifiably infer that the conflict alone demonstrates that both are guilty. "Even where a defendant establishes that his defense and those of his co-defendants are mutually antagonistic, severance is not mandatory because mutually antagonistic defenses are not prejudicial *per se.*" Chester v. Horn, Civil Action No. 99–4111, 2013 WL 5565510, at *3 (E.D. Pa. Oct. 8, 2013), aff'd sub nom., Chester v. Comm'r of Pennsylvania Dep't of Corr., 598 F. App'x 94 (3d Cir. 2015) (per curiam) (unpublished) (citation omitted). Indeed, "Rule 14 does not mandate severance even if prejudice is shown by the defendant, but rather 'leaves the tailoring of the relief to be granted, if any, to the

district court's discretion.'" United States v. Morales-Guanill, 77 F. Supp. 3d 258, 260 (D.P.R. 2015) (citing Zafiro, 506 U.S. at 538–39).

"In *Zafiro,* the Supreme Court stressed that the risk of prejudice resulting from mutually antagonistic defenses could be easily cured with proper jury instruction, emphasizing that 'juries are presumed to follow their instructions.'" Id. at 262 (citation omitted) (quoting Zafiro, 506 U.S. at 540–41); see also United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) (per curiam) (finding that the district court properly denied a motion to sever where defendant failed to demonstrate that the limiting instructions provided to the jury were ineffective); Voigt, 89 F.3d at 1095-96 (holding jury instructions explaining that the jury must consider each defendant's participation in the counts charged individually, that the burden of proof was always on the prosecution, and that opening and closing statements were not evidence were sufficient to cure any prejudice arising from antagonistic defenses). Here, "any potential prejudice that may ensue as a result of the [d]efendants' conflicting defenses can be easily cured using special jury instructions." Morales-Guanill, 77 F. Supp. 3d at 262. "[T]he burden of proving a defendant's guilt or innocence is on the government; thus, a jury instruction explaining to the jury that it must 'give separate consideration to each individual defendant and to each separate charge against him' will suffice to cure any

possibility of prejudice.'"  Id. at 262-63 (citation omitted).  "In other words, the government must prove its case against each defendant, and the jury may not convict a defendant on the basis of the evidence presented by another co-defendant." Id. at 263.  Thus, "should mutually exclusive defenses develop at trial, 'the best solution in such situations is not severance, but for the trial judge to issue proper limiting instructions.'"  Bane, 2010 WL 882913, at *3 (quoting United States v. Blankenship, 382 F.3d 1110, 1125 n.27 (11th Cir. 2004)).

Accordingly, for the foregoing reasons and cited authority, it is **RECOMMENDED** that Barrett's motion to sever, [Doc. 48], be **DENIED**.

**IT IS SO RECOMMENDED**, this 19th day of September, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE